FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L.

2005 JUL 22 A 10: 45

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID BAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-1713** |
| **SOUTH GULF, INC.** | **SECTION: "I"(1)** |

## ORDER

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Rec. doc. 26)

**DENIED WITHOUT PREJUDICE**

The parties consented to the trial of the action before a magistrate judge. Rec. doc. 5. The plaintiff, David Baugh ("Baugh"), alleges that he is an African-American, who was employed by the defendant, South Gulf, Inc. ("South Gulf"), in June 2002 as an industrial painter. Plaintiff alleges that his supervisor, Steve Lutterman, a Caucasian, subjected him to racial insults and assaulted and battered him on several occasions. Baugh alleges that he notified South Gulf's management, but it did not rectify the situation and he was forced to resign on April 4, 2003. Rec. doc. 1.

On June 7, 2005, Baugh filed a motion for summary judgment. Rec. doc. 26. Although his statement of uncontested material facts refers to at least four exhibits, there are none attached to

either the original motion or the copy provided to the court. For this reason the motion is deficient and must be denied.

South Gulf filed a "memorandum in support of its response and opposition to plaintiff's motion for summary judgment and in support of its motion for summary judgment." Rec. doc. 28 It too is deficient. To the extent it seeks summary judgment it must be denied as well. Fed. R. Civ. P. 56(a) requires that a party serve a "motion." An opposition or response is not a "motion." It refers to an affidavit from Paul Carter, but the affidavit is not an exhibit. The only affidavit provided by South Gulf is an affidavit from Mark Michels. Pursuant to Fed. R. Civ. P. 56(e), supporting and opposing affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence. Michels' affidavit contains hearsay evidence. Michels states, "Darrell Freeman reported that each time he warned Mr. Baugh of poor performance and workmanship, Mr Baugh would say that such warnings were a result of his being Hispanic and Darrell would explain warnings were purely based on performance problems to which Mr. Baugh did not dispute." Rec. doc. 28, exhibit B at para. 4. There is no affidavit from Freeman. Michels' testimony regarding Freeman's reports on Baugh's job performance is hearsay as are his descriptions of statements by Mike Howell and South Gulf employees. Fed. R. Evid. 801. Michel's affidavit is also deficient because it is only a faxed copy and the original affidavit is not in the record.

IT IS ORDERED as follows:

1. Baugh's motion for summary judgment (Rec. doc. 26) is DENIED WITHOUT PREJUDICE.

2. The deadline for the parties to file cross-motions for summary judgment that fully

comply with the Federal Rules of Civil Procedure and the Local Rules of this Court is Friday, August 5, 2005.

2. Oppositions to the cross-motions shall be filed by Wednesday, August 17, 2005;

3. Any reply memoranda shall be filed by Tuesday, August 23, 2005.

4. The cross-motions shall be submitted on briefs and without oral argument on Wednesday, August 24, 2005.

New Orleans, Louisiana, this 22nd day of July, 2005.

SALLY SHUSHAN<br>
United States Magistrate Judge