FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 13  A 11: 45

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID BAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-1713-LMA-SS** |
| **SOUTH GULF, INC.** | |

### ORDER

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Rec. doc. 26)

**DENIED**

The parties consented to the trial of this action before a magistrate judge. Rec. doc. 5. On June 7, 2005, David Baugh ("Baugh"), the plaintiff, filed a motion for summary judgment. Rec. docs. 26 and 37. The defendant, South Gulf, Inc. ("South Gulf"), filed an opposition. Rec. docs. 28, 39 and 40. Although it urged that it was entitled to summary judgment and it was granted an opportunity to file a cross-motion for summary judgment, it did not do so. Rec. doc. 32. The only matter before the court is Baugh's motion for summary judgment.

Baugh, an African-American, alleges that he began working for South Gulf in June 2002 as an industrial painter. Rec. doc. 1 In October, 2002, after Steve Lutterman, a Caucasian and Baugh's

___ Fee _____
___ Process _____
_X_ Dktd _____
_✓_ CtRmDep _____
___ Doc. No. _____

supervisor, began using racial insults and kicking him, he complained to the project manager, Mark Michels, in November and December, 2002. Rec. doc. 26. Baugh contends that Michels contacted South Gulf's main office concerning the harassment and reported to Baugh that he had done all he could to correct the situation. On about April 4, 2003, Baugh alleges that Michels told him that, "I'll see you next week. . . . I hope you don't get hurt anymore." Rec. doc. 26, Statement of Uncontested Facts. Baugh contends that he felt compelled to take another job because of this statement. He testified in his deposition that he did not go to Mike Howell, the president of South Gulf, because he believed Howell would not do anything. Rec. doc. 28, exhibit F at pp. 137-38.

Michels testified that after Baugh complained to him about Lutterman, he immediately investigated the complaints. Lutterman denied any harassment. Howell reportedly told the employees that any harassment could lead to the perpetrator's termination. In February 2003, Baugh complained to Michels that Lutterman assaulted and battered him. Michels immediately investigated the new allegations, but the other members of the crew denied that there was any physical or verbal abuse.[1] Michels had a meeting with all employees and explained South Gulf's equal employment opportunity policy and passed out copies of the policy. Michels reported that he told the employees that there would be no retaliation for reporting incidents of discrimination or harassment and that the complaints could be made in confidence to Howell or to him. Rec. doc. 39 at 8-11.

---

[1] Baugh alleges that he was the only minority in the crew working for Lutterman.

Michels testified that in late March and early April, Baugh missed more than six days of work. Michels reported that Baugh attributed his absences to being sick and injured. Id. at p. 10. Michels testified that he told Baugh that he would like to see him return to work the following week and he hoped that he did not get sick or hurt anymore. Id. at 10. Baugh did not return to work and he did not make any further complaint.

In addition to the affidavit from Michels, South Gulf produced affidavits from Lutterman, Howell, Paul Carter and Terry Miller. Lutterman denied that he subjected Baugh to racial remarks or that he physically abused him. He testified that he did not observe any other South Gulf employee engaging in such behavior. Rec. doc. 39 at pp. 6-7. Miller and Carter, who were employed by South Gulf, reported that they did not see or hear of such activity. Id. at 12-13. Howell testified that with Michel and Lutterman he investigated Baugh's allegation of harassment, but concluded there was none. He told Baugh and the other crew members that any crew member could discuss problems with him. Id. at p.14.

The evidence is such that a reasonable jury could return a verdict for South Gulf, the non-moving party. There are genuine issues as to material facts. Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001).

IT IS ORDERED that Baugh's motion for summary judgment (Rec. doc. 26) is DENIED.

New Orleans, Louisiana, this 13th day of December, 2005.

SALLY SHUSHAN
United States Magistrate Judge